UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JUAN MORALES,

               Plaintiff,                           **REPORT AND RECOMMENDATION**

        -against-                                     10-CV-1615 (ARR) (ALC)

NEW YORK CITY DEPARTMENT OF
CORRECTIONS; CORRECTION OFFICER
AINSWORTH RODNEY *(Shield # 17830)*;
CORRECTION OFFICER ALEXANDER
MCDONALD *(Shield # 12019)*,

               Defendants.
-----------------------------------------------------------------X

**CARTER, UNITED STATES MAGISTRATE JUDGE.**

    **I.**       **Background**

       Plaintiff, appearing *pro se*, filed the instant complaint on March 24, 2010, alleging, *inter alia*, that he was subject to excessive force and denied medical treatment while he was in the custody of the New York City Department of Corrections. On January 4, 2011, I held a telephonic status conference and ordered the parties to submit a joint status report on March 17, 2011 summarizing the progress of discovery. On March 17, 2011, counsel for Defendants submitted a letter requesting that the Court dismiss the complaint against the individual correction officers for failing to timely effect service under Fed. R. Civ. P. 4(m). Plaintiff did not file a status report on March 17. I issued an order on the same day directing Plaintiff to respond to Defendants' letter by April 4, 2011. Plaintiff failed to submit a response. On April 26, 2011, Defendants filed a letter motion to dismiss the complaint for failure to prosecute this case. In the alternative, they requested that the Court dismiss the matter as to the individual officers pursuant to Fed. R. Civ. P. 4(m) and as to the New York City Department of Corrections

1

("DOC") because the agency is not a suable entity. Plaintiff failed to respond to the motion. On May 31, 2011, I issued an order to show cause as to why this action should not be dismissed for lack of prosecution and directed Plaintiff to respond by June 8, 2011. As of the date of this recommendation, Plaintiff has not responded. On June 16, 2011, the Honorable Allyne R. Ross, United States District Judge, referred Defendants' motion to me for a report and recommendation. For the reasons set forth below, I respectfully recommend that the Court grant Defendants' motion and dismiss the complaint with prejudice.

**II.     Discussion**

Fed. R. Civ. P. 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits." *Link*, 370 U.S. at 630. Courts contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) consider:

> 1) duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to defendant is likely to result; 4) whether court balanced its interest in managing its docket against plaintiff's interest in receiving opportunity to be heard; and 5) whether court adequately considered efficacy of sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see also Jackson v. City of New York*, 22 F.3d 71, 74–76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Notwithstanding the special leniency that is afforded to *pro se* litigants and that the circumstances have to be "sufficiently extreme" to warrant dismissal, *Le Sane*, 239 F.3d at 209, all the above-referenced factors favor dismissal of the instant case. A careful review of the docket sheet shows that Plaintiff, despite multiple orders from the Court, has not taken any action in this case or communicated with the Court since approximately January 2011. He was directed to file a joint status report with Defendants and he was directed to respond to Defendants' letters. My order plainly provided Plaintiff with notice that he was to show cause as to why his action should not be dismissed. Defendants have served copies of their motion, putting Plaintiff on notice that they were seeking to dismiss his case. Plaintiff has had sufficient time to be heard and it is a waste of resources for Defendants to continue defending the action if Plaintiff has no interest in prosecution.

Given Plaintiff's failure to prosecute the case and to respond to Court orders, I respectfully recommend that the case be dismissed and the dismissal be with prejudice. *See, e.g.*, *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases."); *Randolph v. Bezio*, No. 10–CV–1765, 2011 WL 4373927 (E.D.N.Y. Sept. 19, 2011) (dismissing the case with prejudice because the there has been no activity in the past nine months); *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837 (E.D.N.Y. Nov. 30, 2007) ("Failure to prosecute may involve: a plaintiff's … action lying dormant with no significant activity to move it." (internal quotation marks and citation omitted)).

Should the Court reject my recommendation, I find that the Court cannot dismiss this action against the individual correction officers under Fed. R. Civ. P. 4(m). Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on

motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Defendants correctly note that the individual officers were served after the appropriate time to serve expired. However, Plaintiff was granted *in forma pauperis* service and the Court directed the U.S. Marshals Service to serve the officers. A *pro se* prisoner is "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). "So long as [a *pro se*] prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)." *Ruddock v. Reno*, 104 Fed. Appx. 204, 206–07 (2d Cir. 2004); *accord Romandette*, 807 F.2d at 310.

The Court, however, should dismiss the complaint as to the DOC. New York City law provides that all actions "shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter ch. 17 § 396. The DOC is an agency within the meaning of the City Charter and is not a suable entity. *See David v. G.M.D.C.*, No. 01-CV-6931, 2002 WL 31748592, at *3 (S.D.N.Y. Dec. 6, 2002) (collecting cases). Accordingly, if the Court denies Defendants' motion to dismiss the action under Fed. R. Civ. P. 41(b), I recommend that the Court dismiss the claims against the DOC and that it allow Plaintiff leave to file an amended complaint naming the City of New York as the correct defendant.

### III. Conclusion

For the reasons set forth above, I respectfully recommend that the Court grant Defendants' motion to dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(b). Should the Court reject this recommendation, I respectfully recommend that the Court dismiss the complaint as to the New York City Department of Corrections, allow the individual correction officers to answer the complaint within two weeks of the Court's order, and grant Plaintiff an opportunity to amend the complaint to name the City of New York as the proper defendant.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties have fourteen days from this date to file written objections to this Report and Recommendation on ECF. Counsel for Defendants is directed to serve a copy of this report and recommendation at Plaintiff's last known address via certified mail within three days of receipt and file a certificate of service. Extensions of time to file objections should be directed to Judge Ross. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

**SO ORDERED**

**Dated: November 2, 2011**
      **Brooklyn, New York**

/s/ ALC
_____
**ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**